UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD SPAN,

                Petitioner,                Case Number 2:14-cv-10108
                                                            Honorable Arthur J. Tarnow

v.

STEVE RIVARD,

                Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS, DENYING CERTIFICATE OF APPEALABILITY, AND DENYING PERMISSION TO APPEAL IN FORMA PAUPERIS**

Petitioner Edward Span has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner pled guilty in the Wayne Circuit Court of two counts of armed robbery, MICH. COMP. LAWS § 750.529, two counts of carjacking, MICH. COMP. LAWS § 529a, and one count of possession of a firearm during the commission of a felony, MICH. COMP. LAWS § 227b. The trial court sentenced Petitioner to 90-to-180 months for each armed robbery and carjacking conviction, to run concurrently, and a consecutive two-year term for the firearm conviction. The petition claims that Petitioner was denied the effective assistance of counsel because his trial attorney failed to move for five separate trials for the five counts of armed robbery and five counts of car jacking. The Court will deny the petition because the claim is without merit. The Court will also deny Petitioner a certificate of appealability and permission to proceed on appeal in forma pauperis.

I.

Petitioner was charged with five counts of carjacking, five counts of armed robbery, and five count of possession firearm during the commission of a felony as a result of a string of incidents where people were forced to turnover their vehicles at gunpoint. Rather than stand trial, Petitioner entered a plea agreement whereby he pled guilty to charges arising from two of the incidents, and the prosecutor dismissed the charges related to the other three incidents. The parties also agreed that Petitioner would receive a minimum sentence of seven and one-half years for each armed robbery and carjacking conviction, and a consecutive two-year term for a firearm offense.

At the plea hearing, the parties placed the agreement on the record. Petitioner was then informed of and waived his trial rights. Petitioner testified that he stole two cars on July 9, 2012. He threatened one victim, the owner of a 2002 Ford Explorer, with a BB gun that looked like a nine-millimeter handgun to force her to give him the keys to the vehicle. He also threatened another victim with a "real gun," forcing him to give him the keys to his 1989 Chevrolet Caprice. Petitioner was subsequently sentenced under the terms of the agreement.

Following his conviction and sentence, Petitioner filed a motion in the trial court to withdraw his guilty plea, alleging that the trial court had improperly joined the counts arising out of all five incidents, and that trial counsel was ineffective for failing to challenge the joinder. The trial court held that the joinder was proper under Michigan law, and that there was no basis to withdraw the plea.

Petitioner then filed a delayed application for leave to appeal in the Michigan Court of Appeals, which raised the following claims:

> I. Mr. Span was denied due process of law by the impermissible joinder of 10 counts based on 5 entirely separate incidents. As a consequence his plea was involuntary.

2

II. Mr. Span was deprived of his Fifth and Fourteenth Amendment constitutional rights of due process and Sixth Amendment constitutional right to effective assistance of counsel when counsel failed to raise a misjoinder issue.

The Michigan Court of Appeals denied Petitioner's delayed application "for lack of merit in the grounds presented." *People v. Span*, No. 317736 (Mich. Ct. App. Nov. 20, 2013). Petitioner then sought leave to appeal in the Michigan Supreme Court. That Court denied the application by standard order. *People v. Span*, No. 148510 (Mich. Sup. Ct. May 27, 2014).

II.

This habeas petition is reviewed under the standards set forth in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996). Under AEDPA, a federal court cannot grant habeas relief with respect to any claim adjudicated on the merits in a state-court proceeding unless the state adjudication of the claim either:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d)(1), (2).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)). "[T]he 'unreasonable application' prong of the statute permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting

3

*Williams*, 529 U.S. at 413). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86 (2011), (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004). "Section 2254(d) reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal. . . . As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 786-87 (internal quotation omitted).

To obtain relief under § 2254(d)(2), a petitioner must show an unreasonable determination of fact and that the resulting state court decision was "based on" that unreasonable determination. *Rice v. White*, 660 F.3d 242, 250 (6th Cir. 2012).

Lastly, a federal habeas court must presume the correctness of state court factual determinations. See 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption only with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

### III.

Petitioner's sole claim asserts that he was denied the effective assistance of counsel when his attorney failed to object to the joinder of the charges. The Michigan Court of Appeals denied relief with respect to this claim "for lack of merit in the grounds presented."

The two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), governs claims of ineffective assistance of counsel. *Towns v. Smith*, 395 F.3d 251, 258 (6th Cir. 2005). To show a violation of the Sixth Amendment right to effective assistance of counsel, a petitioner must establish that his attorney's performance was deficient and that the deficient performance prejudiced

4

the defense. *Strickland*, 466 U.S. at 687. An attorney's performance is deficient if "counsel's representation fell below an objective standard of reasonableness." *Id*. at 688. "Judicial scrutiny of counsel's performance must be highly deferential." Id. at 689.

An attorney's deficient performance is prejudicial if there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694. Unless the petitioner demonstrates both deficient performance and prejudice, "it cannot be said that the conviction [or sentence] resulted from a breakdown in the adversary process that renders the result unreliable." *Id*. at 687.

The *Strickland* framework applies to ineffective assistance of counsel claims arising out of the plea process. *Hill v. Lockhart*, 474 U.S. 52, 57-58 (1985). The first prong of the test remains the same. *Id*. at 58-59. The prejudice requirement "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Id*. at 59. In other words, Petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id*.; see also *Smith v. United States*, 348 F.3d 545, 551-552 (6th Cir. 2003) (same).

Here, Petitioner has satisfied neither prong of the *Strickland* test. With respect to deficient performance, trial counsel's decision not to move for separate trials was not only reasonable, it was wise. If a motion for separate trials had been successful, Petitioner would have faced five trials, and therefore given the prosecutor five opportunities to obtain one or more convictions. Petitioner asserts that five trials was a more favorable option because each jury would only be informed of a single criminal transaction, making each case weaker. That simply is not so. If the cases were tried separately, each victim's testimony likely would have been admissible at the other victims' trials

5

under Michigan Rule of Evidence 404(b) as evidence of a common plan or scheme. Petitioner would not have been disadvantaged by having a single jury hear all the charges against him, as the full breadth of the charges would have been heard by each jury even if the cases had been tried separately. See *United States v. Jacobs*, 244 F.3d 503, 507 (6th Cir. 2001); *Krist v. Foltz*, 804 F.2d 944, 947-48 (6th Cir. 1986). Accordingly, trial counsel acted reasonably in deciding not to move for severance.

Moreover, Petitioner cannot demonstrate that he was prejudiced by his counsel's failure to move for separate trials because there is no reasonable likelihood that such a motion would have been granted. "[U]nder Michigan law, severance is required only when a defendant shows that it is necessary to avoid prejudice to his substantial rights." *Clark v. McLemore*, 291 F. Supp. 2d 535, 545 (E.D. Mich. 2003) (citing MICH. COURT RULE 6.121(C)). "[T]here is no absolute right to a separate trial, and joint trials are strongly favored 'in the interest of justice, judicial economy and administration.'" *Id.* (quoting *People v. Etheridge*, 196 Mich.App. 43, 52(1992)). Severance should only be granted "if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *People v. Hana*, 447 Mich. 325, 359-60 (1994). Finally, under Rule 6.120(B), a court must sever offenses that are not related as defined in MCR 6.120(B). MCR 6.120(B) defines related offenses that are those "based on (1) the same conduct, or (2) a series of connected acts or acts constituting part of a single scheme or plan."

In denying Petitioner's motion to withdraw his plea, the trial court found that the charges were properly joined. This Court is bound by the state courts' decisions on matters of state law. It is "not the province of a federal habeas court to reexamine state-court determinations on state-court

questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Errors in the application of state law are usually not questioned by a federal habeas court. *Seymour v. Walker*, 224 F. 3d 542, 552 (6th Cir. 2000). The charges against Petitioner involved a series of connected acts, and Petitioner has not shown that trying the charges together would have compromised a specific trial right. As stated, evidence of each incident likely would have been admissible at each trial. Therefore, there is no reasonable probability that counsel's failure to move for separate trials altered the outcome of the plea process.

Because Petitioner's claim is without merit, the petition will be denied.

IV.

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. See 28 U.S.C. ' 2253(c)(1)(A); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. ' 2253(c)(2). When a court rejects a habeas claim on the merits, the substantial showing threshold is met if Petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. See *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying that standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.* at 336-37. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing ' 2254 Cases, Rule 11(a), 28 U.S.C. foll.' 2254.

7

Petitioner has not demonstrated a substantial showing of the denial of a constitutional right. Accordingly, a certificate of appealability is not warranted in this case. The Court will also deny Petitioner permission to proceed on appeal in forma pauperis because an appeal would be frivolous. *See Foster v. Ludwick*, 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002); 28 U.S.C. § 1915(a)(3); Fed. R.App.24 (a).

V

Accordingly, it is ORDERED that the petition for writ of habeas corpus is DENIED.

It is further ORDERED that a certificate of appealability is DENIED.

It is further ORDERED that Petitioner may not proceed in forma pauperis on appeal.

S/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: November 18, 2014

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on November 18, 2014, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Assistant